IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SPQR HARRIS,<br>    Plaintiff, | § § § § § § § § § | |
| v. | | CIVIL ACTION NO. 5:17cv76 |
| LT. MARK ADCOCK, ET AL.,<br>    Defendant | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff SPQR Harris, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Lt. Mark Adcock, Sgt. Michelle Hickey, and Nurse Steven Roberts.

**I. Background**

Plaintiff complained on November 29, 2015, Sgt. Hickey shot him in the foot with a riot gun using an improperly discharged round. He asserted Lt. Adcock was the supervisor present and failed to correct Sgt. Hickey's actions. Plaintiff further claimed Nurse Roberts refused to examine his claims of injury and denied him medical care.

Sgt. Hickey and Lt. Adcock filed a motion for summary judgment asserting the improper use of the round was an inadvertent error and not deliberate indifference or intentional use of excessive force. Nurse Roberts filed a separate motion for summary judgment contending he examined Plaintiff but found no sign of a recent injury; however, he referred Plaintiff for a follow-up examination with a medical provider. This examination, conducted by Nurse Practitioner Jammie Barker the next day, found Plaintiff's foot was swollen and tender to the touch. She sent Plaintiff to a local free-world hospital where he received X-rays. Plaintiff was subsequently sent to Hospital Galveston where he received a medical boot and restrictions

including a bottom row and bottom bunk assignment, medical unassignment from work, and a crutch/brace/walker pass. Nurse Roberts therefore argued he was not deliberately indifferent to Plaintiff's serious medical needs. Plaintiff was ordered to respond to the motions to summary judgment but failed to do so despite seeking and receiving an extension of time to respond.

## II. The Magistrate Judge's Reports

After Plaintiff's time to respond to the motions for summary judgment had expired, the Magistrate Judge issued two Reports recommending the Defendants' motions for summary judgment be granted. Docket Nos. 34 and 35. After observing that Plaintiff had failed to prosecute his case by not responding to the motions for summary judgment after being ordered to do so, the Magistrate Judge reviewed the summary judgment evidence and determined the use of the improper round was an unintentional mistake and neither Sgt. Hickey nor Lt. Adcock intentionally used excessive force or were deliberately indifferent to Plaintiff's safety. The Magistrate Judge also concluded Nurse Roberts was not deliberately indifferent to Plaintiff's serious medical needs and all three defendants were entitled to qualified and Eleventh Amendment immunity.

Copies of these Reports were sent to Plaintiff at his last known address, the Gib Lewis Unit of TDCJ-CID. When the Court did not receive acknowledgment of receipt, an on-line search revealed the Plaintiff had been transferred to the Telford Unit. The Reports were remailed to the Telford Unit despite Plaintiff not having filed a change of address, as is his responsibility.[1] However, the Court again has not received acknowledgment of receipt.

As a general rule, litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change. *See Martinez-Reyes v. United States*, 2016 WL 8740494 (S.D. Tex. Oct. 10, 2016)

---

1 The complaint form filed by Plaintiff (Docket No. 1 at 6) contains a declaration stating "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of the lawsuit."

(quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A pro se litigant must provide the court with a physical address, i.e., a P.O. Box is not acceptable, and is responsible for keeping the clerk advised in writing of the current physical address."

Fed. R. Civ. P. 5(b)(2)(C) provides that a paper is served by mailing it to the person's last known address, in which event service is complete upon mailing. *See Penley v. Sandoval*, Case No. 4:04-cv-24, 2005 WL 3970822 (E.D. Tex. March 8, 2005), *aff'd sub nom. Penley v. Collin County, Texas*, 446 F.3d 572, 573 (5th Cir. 2006), *cert. denied*, 549 U.S. 883 (2006) (Magistrate Judge's Report mailed February 9, 2005 and service was completed at the time of mailing under Rule 5(b)(2)(C); thus, the plaintiff's objections were due on February 28, 2005, and the fact he did not receive the report until February 14 was irrelevant).

In this case, the Reports were issued on August 21 and August 22, 2018 and mailed to Plaintiff at his last known address. They were then remailed to the address to which prison records showed he had been transferred. Service of the Reports was complete upon mailing and no objections have been filed. Accordingly, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

### III. Conclusion

The Court has reviewed the record in this case and the Reports of the Magistrate Judge. Upon such review, the Court has determined the Reports of the Magistrate Judge are correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")

It is accordingly,

**ORDERED** that the Reports of the Magistrate Judge (Docket Nos. 34 and 35) are **ADOPTED** as the opinion of the District Court and that Defendants' motions for summary judgment (Docket Nos. 14 and 20) are **GRANTED**. Accordingly, the above-styled civil action is **DISMISSED WITH PREJUDICE**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**So ORDERED and SIGNED this 26th day of September, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE